**In re: Robert MOORE, Petitioner.**

**No. 98–3145.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 8, 1999.

Decided Nov. 26, 1999.

A. J. Kramer, Federal Public Defender, appointed by the court, argued the cause and filed the briefs as amicus curiae for petitioner.

Robert Moore, appearing pro se, was on the briefs for petitioner.

John R. Fisher, Assistant U.S. Attorney, argued the cause for respondent. With him on the brief were Wilma A. Lewis, U.S. Attorney, and Thomas S. Rees, Assistant U.S. Attorney.

Before: GINSBURG, ROGERS, and TATEL, Circuit Judges.

Opinion for the court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

Robert Moore, a federal prisoner, asks this court to certify to the district court a "second or successive" habeas corpus petition under 28 U.S.C. § 2255. Because we conclude that Moore has not yet filed a first petition, however, he does not need such an order from this court; he may file a § 2255 petition directly with the sentencing court. Accordingly, we dismiss Moore's request for certification.

## I. Background

In February 1993 Robert Moore pleaded guilty to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii). The presentence report recommended that he be sentenced as a career offender, see U.S.S.G. §§ 4B1.1 & 4B1.2, based upon two convictions dating from 1984: attempted robbery in Washington, D.C., and housebreaking in Prince George's County, Maryland. In accordance with the recommendation in the presentence report, the district court increased Moore's criminal history category to level VI from level V. This increased the applicable sentencing range for his offense to between 188 and 235 months from a range of between 168 and 210 months. The district court sentenced Moore in April 1993 to serve the minimum 188 months in prison.

In May 1993 Moore's counsel filed with the district court a pleading styled "Motion to Reconsider Sentence." In it he argued that under *United States v. Spencer*, 817 F.Supp. 176 (D.D.C.1993), *remanded for resentencing*, 25 F.3d 1105 (D.C.Cir.1994), which had been issued shortly after Moore was convicted, sentencing Moore as a career offender violated the Fifth and Eighth Amendments to the Constitution of the United States. The Government opposed the Motion to Reconsider on its merits, arguing both that the district court properly applied the career offender guidelines to Moore and that *Spencer* was improperly decided. The district court summarily denied the Motion to Reconsider "without prejudice,"* and Moore did not appeal.

In December 1994 Moore, acting pro se, filed a motion under 28 U.S.C. § 2255 asking the district court to vacate his sentence for the federal drug conviction. Moore argued that his counsel had been ineffective in that he had failed to challenge the applicability of the career offender guidelines. Specifically, Moore contended that the court had erred in treating his conviction for attempted robbery as a predicate for sentencing him as a career offender because he had been under the influence of illegal narcotics when he pleaded guilty to that charge. The district court denied this motion in an order stating that "the defendant has previously submitted a motion to vacate, set aside or modify sentence, and ... the Court 'is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner.'" Though the district court thus concluded that the 1994 motion was Moore's second under § 2255, the court did not specifically refer to the 1993 Motion to Reconsider or provide any other basis for its conclusion that Moore had previously filed a § 2255 motion.

After pursuing a collateral attack upon his attempted robbery conviction in D.C. Superior Court, Moore asked this court to certify to the district court a second or successive petition under § 2255. He again argues that his counsel in the federal drug case was constitutionally ineffective for failing to contest the applicability of the career offender guidelines, but he offers two new legal bases upon which he says his counsel should have challenged the enhancement: First, the D.C. conviction can not properly serve as a predicate offense under the career offender guidelines because attempted robbery is an inchoate crime. *See United States v. Seals*, 130 F.3d 451 (D.C.Cir.1997); *United States v. Price*, 990 F.2d 1367 (D.C.Cir. 1993). Second, even if attempted robbery can be a predicate offense, it does not necessarily involve violence; and it can not serve as a predicate offense unless the Government proves that the defendant's attempted robbery did involve violence. *See United States v. Hill*, 131 F.3d 1056

---

* The district court's order reads in full, "Upon consideration of the 'Motion to Reconsider Sentence' of Robert Moore, and the opposi-tion thereto, it is this 21st day of May, 1993 ORDERED, that the motion is denied without prejudice."

(D.C.Cir.1997); *United States v. Mathis,* 963 F.2d 399 (D.C.Cir.1992).

## II. Analysis

■ A federal prisoner seeking relief from his sentence must file a petition, subject to limitations not relevant here, in "the court which sentenced him." 28 U.S.C. § 2255. Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–32, 110 Stat. 1214 (AEDPA), however, a federal prisoner may not file a "second or successive" such petition unless he first obtains an order from the appropriate court of appeals authorizing the district court to consider the petition. Specifically, § 2255 mandates that a "second or successive motion must be certified as provided in section 2244," which in turn provides:

> (b)(3)(A) Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> * * *
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

If the petition Moore wants to file with the district court is not "a second or successive motion," then the court of appeals has no role to play at this point in the process; he may and he must seek relief directly from the sentencing court. The Government, however, maintains that Moore has previously filed at least one § 2255 motion—his 1993 Motion to Reconsider—and therefore does need an order from this court certifying his petition to the district court.

■ The Government's position is wholly without merit. The Supreme Court has clearly held that when a motion is dismissed "for technical procedural reasons" and "the habeas petitioner does not receive an adjudication of his claim," a subsequent petition is not "a second or successive motion" under the AEDPA. *Stewart v. Martinez–Villareal,* 523 U.S. 637, 645, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). Here the district court denied the Motion to Reconsider "without prejudice." Though the court did not explain its disposition, there is no indication that the court denied the petition on the merits.

The Government argues nonetheless that although the district court denied the Motion to Reconsider "without prejudice" it actually ruled upon the merits of the motion. In support of this position, the Government makes three points none of which need detain us long. First, the district court order recites that before denying the motion the court considered the Government's "opposition thereto"—in which it contested the motion on its merits. The district court's mere mention of all the pleadings before it cannot bear the weight the Government seeks to place upon it; that boilerplate recitation would be the same regardless whether the court were resolving the motion on the merits or on a procedural defect. Second, the same judge who entered the order denying the 1993 motion later denied the 1994 motion as "second or successive." The Government urges us to infer therefrom that the court intended the 1993 order to deny the Motion to Reconsider on its merits, although there is no indication of that in the order itself, and it would then have been a mistake to specify that the order was "without prejudice." The district court might just as well have erred in 1994 as in 1993, either by misreading its earlier order or in thinking that Moore had previously filed a § 2255 motion in addition to the Motion to Reconsider. Furthermore, if the Government were correct on this point, then the district court's denial "without prejudice" would have become, without notice and after the time for direct appeal had passed, a denial "with prejudice." We cannot countenance an argument that entails so much potential for unfair surprise.

Finally, the Government points to cases in which courts have understood a disposition to be on the merits though the order indicated it was "without prejudice." The only case potentially helpful to the Government is *Dorsey v. United States*, 372 F.2d 928 (D.C.Cir.1967). The defendant there was convicted of possessing heroin. At the pre-trial suppression hearing he sought to explore the sequence of events surrounding the arresting officers' approaching him and seizing the drugs, but one of the officers was unavailable for questioning at the time. The court denied the motion to suppress without prejudice. In his post-conviction appeal the defendant argued that his counsel should have been given another opportunity to inquire into the circumstances surrounding the officers' initial approach in part because the judge's denial of his motion to suppress without prejudice showed that the judge "contemplated additional proceedings." *Id.* at 931 n. 4. After holding that the search was valid regardless of the circumstances surrounding the officers' initial approach, we wrote:

> [A]lthough the use of the phrase "without prejudice" in this context seems to us undesirably ambiguous in view of the purposes of Rule 41(e), Fed.R.Crim.P., there is nothing about its use in this case to suggest that the hearing judge did not intend to deny the motion to suppress on its merits.

*Id.*

*Dorsey* does not govern this case. One purpose of a suppression hearing held pursuant to Fed.R.Crim.P. 41(e) is to determine whether evidence will be admissible at the upcoming trial. The sentencing court in this case faced no analogous time pressure, nor does the Government suggest any other reason sensibly to think the district court intended to resolve finally what it purported to resolve without prejudice to a later petition. We therefore conclude that the order denying the 1993 Motion to Reconsider was not a first adjudication of Moore's § 2255 claim.

We turn next to the question whether Moore's claim was adjudicated when the court denied his 1994 motion; if so, then the present petition is his second and we must decide whether to certify it to the district court. Recall that the district court dismissed the 1994 motion as successive. Whether in doing so the district court considered the 1993 motion to be Moore's first § 2255 petition, or mistakenly thought Moore had at some other point filed a § 2255 motion is unclear from the record. In either event, it is clear that the district court dismissed the 1994 motion for a procedural reason and did not resolve it on the merits. The 1994 motion, therefore, does not present a barrier to Moore's now filing a motion under § 2255. *See Stewart*, 523 U.S. at 645, 118 S.Ct. 1618.

### III. Conclusion

For the foregoing reasons we have no occasion either to grant or to deny Moore authorization to proceed in district court as provided in § 2244. Because Moore's claim has not been resolved before, he may proceed under § 2255 in the district court as of right. Accordingly, Moore's request for certification is

*Dismissed.*