# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MARIO R. LENDOS, | : | | |
| | : | | |
| Petitioner, | : | Civil Action No.: | 07-1898 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 1, 7 |
| | : | | |
| | : | | |
| ATTORNEY GENERAL *et al*, | : | | |
| | : | | |
| Respondents. | : | | |

## MEMORANDUM OPINION

### DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS; DENYING AS MOOT THE MOTION FOR AN EXTENSION OF TIME TO AMEND THE PETITION

The petitioner, who was recently transferred to the Federal Correctional Complex in Coleman, Florida, moves for an extension of time to amend the petition for a writ of *habeas corpus*. As the court previously recognized, the petition presents issues reviewable only by the sentencing court via a motion to vacate under 28 U.S.C. § 2255. *See* Order (May 28, 2008). Because the petitioner states that he has had one such petition denied by the United States District Court for the Central District of Illinois, *see* Pet. at 3-4, no district court can entertain his successive petition without authorization. Pursuant to § 2255, "[a] second or successive motion must be certified as provided in section 2244," which states that "[b]efore a second or successive [habeas] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The petitioner therefore must seek certification from the Seventh Circuit to file a successive habeas petition. *See In re Moore*, 196 F.3d 252, 254 (D.C. Cir. 1999) (holding that "§ 2255 mandates" such certification).

To the extent that the petitioner is seeking relief under the general *habeas corpus* statute, 28 U.S.C. § 2241, this court lacks jurisdiction because the proper respondent in *habeas corpus* cases is the petitioner's warden or immediate custodian. *Rumsfeld v. Padilla,* 542 U.S. 426, 438-39 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); accord *Rooney v. Secretary of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (noting, "jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located:) (internal citations and quotation marks omitted). The Middle District of Florida is the court properly situated to entertain such a petition.

Finding no basis for maintaining this *habeas corpus* action in the District of Columbia, the court denies the petition, denies as moot the motion for an extension of time and dismisses the case without prejudice. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 31st day of March 2009.

RICARDO M. URBINA
United States District Judge

2