**In re Thomas F. PAGE, Warden, Petitioner.**

**No. 99–1145.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 8, 1999.

Decided Feb. 11, 1999.

---

Domenica Osterberger (submitted), Office of the Attorney General, Chicago, IL, for Petitioner.

Alan M. Freedman, Midwest Center for Justice, Ltd., Chicago, IL, for Party-in-Interest Johnny Jr. Neal.

Before: POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

POSNER, Chief Judge.

This is a sequel to our opinion in *Neal v. Gramley*, 99 F.3d 841 (7th Cir.1996), in which we upheld Neal's death sentence. In the course of that opinion, we also denied his motion to defer action on his appeal until a state court in which he had filed a petition for postconviction relief based on state law grounds conducted an evidentiary hearing on that petition. We pointed out that Neal's lawyer had acknowledged that the purpose of his motion was to circumvent the limitations that 28 U.S.C. § 2244(b)(2) places on the filing of a second or subsequent petition for federal habeas corpus. 99 F.3d at 846. He hoped that if we deferred acting on his first petition, he could, if and when he lost in the state court, amend that petition to add a challenge to the state court's action.

Later, the state court denied his petition for postconviction relief, and the state supreme court affirmed. *People v. Neal*, 179 Ill.2d 541, 228 Ill.Dec. 619, 689 N.E.2d 1040 (1997). The petition was based on a state statute that Neal claimed entitled him to a new trial because he had not had a hearing to determine whether he was fit to stand trial despite being under psychotropic medication during the trial. 725 ILCS 5/104–21(a). The supreme court had formerly interpreted the statute to entitle a defendant to an automatic

retrial in any case where, though he had been under psychotropic medication, he had not had a fitness hearing. Neal had had the hearing, but long after the trial. In *People v. Burgess,* 176 Ill.2d 289, 223 Ill.Dec. 624, 680 N.E.2d 357 (1997), the supreme court abandoned the automatic-retrial interpretation; and applying the new interpretation to Neal's claim, held that he was not entitled to a new trial; the retrospective fitness hearing, in which he had been found fit to stand trial, satisfied the requirements of the statute.

Neal has filed a new petition for habeas corpus in the district court. He claims that even though judicial changes in law normally are applied retroactively, the decision applying *Burgess* to his case denied him due process of law, and that since he could not have raised this due process claim before the decision in *People v. Neal* was rendered, his new petition for habeas corpus is not really a second petition. The purpose of section 2244(b)(2)'s limitations on such petitions, he points out, is to prevent piecemeal postconviction litigation. The purpose is not in play when the issue sought to be presented in the new petition was unripe when the previous petition was filed. The district judge agreed, and has scheduled a hearing on the petition for February 16. The state asks us to grant a writ of mandamus directing the district judge to dismiss the petition, since the habeas corpus statute requires that leave to file a second or subsequent petition be sought from this court, 28 U.S.C. § 2244(b)(3)(A), and Neal has not done that.

■ Section 2244(b)(3)(A) "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing." *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir.1996) (emphasis added); see also *Benton v. Washington,* 106 F.3d 162, 163 (7th Cir.1996); *Pratt v. United States,* 129 F.3d 54, 57 (1st Cir.1997). Mandamus lies to confine a lower court to its jurisdiction, provided that the lower court's action which is sought to be mandamused is *clearly* in excess of the court's jurisdiction. *Kerr v. U.S. District Court,* 426 U.S. 394,

402–03, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). If it is clear that Neal's new petition is a second petition, then it is clear that the district court exceeded its jurisdiction. It is clear.

■ The confusion here is between the *definition* of a second or subsequent petition and the *criteria* for allowing such a petition to be filed. Neal cites cases which hold, reasonably enough, that if the first petition was a nullity, perhaps because it was filed before the claim on which it was based had ripened sufficiently to engage the jurisdiction of the federal court, then the nominally second petition is really the first. Otherwise, as the Supreme Court said in the case on which Neal principally relies, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart v. Martinez–Villareal,* 523 U.S. 637, ——, 118 S.Ct. 1618, 1622, 140 L.Ed.2d 849 (1998); see also *Benton v. Washington, supra,* 106 F.3d at 164. In both *Walker v. Roth,* 133 F.3d 454 (7th Cir.1997), and *Shepeck v. United States,* 150 F.3d 800 (7th Cir.1998) (per curiam), the other two cases on which Neal relies, the second petition was attacking a second sentence; it was the first challenge to *that* sentence. *Galtieri v. United States,* 128 F.3d 33 (2d Cir.1997), refused to extend this principle to the case in which the petitioner was attacking not a new, but merely an amended, sentence.

Neal's first petition was not a nullity; we disposed of it on the merits, in the opinion cited at the outset of this opinion. His second petition is—his second petition. It attacks the same judgment that his first petition attacked. His argument is in effect that if there is a *reason* for filing a second petition—a reason why the claim could not have been included in the first petition—then the second petition is really a first petition. That might make sense if section 2244(b)(2) *forbade* the filing of a second or subsequent petition. All it does is impose certain limitations designed to make sure that the second or subsequent petition is not gratuitous. The responsibility for applying those limitations falls on this court, which has been given the task of determining whether a second or

subsequent petition complies with them before the petition may be filed in the district court.

So clear is this that we must direct the district judge to dismiss the petition.

 Treating the new petition for habeas corpus, together with the supporting papers filed by Neal in opposition to the state's petition for mandamus, as a request for leave to file a second petition for habeas corpus (a procedure that we approved in *Nuñez v. United States, supra,* 96 F.3d at 991–92), we deny leave to file it. The second petition does not comply with section 2244(b)(2). The petition does not rely on a new rule of constitutional law; does not rest on facts that could not have been discovered earlier; and does not show that no reasonable factfinder could have found the petitioner guilty.

 Even if we are wrong in thinking that Neal's new petition for habeas corpus is a second petition within the meaning of section 2244(b)(2), he cannot benefit from filing it. It does not present a substantial issue of constitutional law. The new petition challenges the denial by the state courts of his claim for state postconviction relief. As we noted in our previous opinion, that claim rested exclusively on state law. 99 F.3d at 846. We now know that it rested on an erroneous interpretation of state law, which the state supreme court has now corrected. It has applied the correct rule to Neal. He argues that it should not have done so, that it should have given him the benefit of the earlier, erroneous interpretation. Nothing in the Constitution entitles state defendants to obtain a federal benefit from errors of state law. *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

To summarize, the petition for mandamus is granted and the district court is ordered to dismiss Neal's petition; and leave to file a second petition for habeas corpus is denied.