**Rickey L. POTTS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 99–1186.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 17, 2000

Decided April 24, 2000

Rickey L. Potts (submitted), Federal Correctional Institution, Sandstone, MN, pro se.

Mel S. Johnson (submitted), Office of the U.S. Attorney, Milwaukee, WI, for respondent–appellee.

Before POSNER, Chief Judge, and COFFEY and EASTERBROOK, Circuit Judges.

POSNER, Chief Judge.

The stringent limitations that the Antiterrorism and Effective Death Penalty Act places on the filing of a second or successive petition for habeas corpus (or its federal prisoner's counterpart, a motion under 28 U.S.C. § 2255) make it vital to determine whether a previous petition (or motion) was "the real thing" that ought to subject the petitioner or movant to those limitations. The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits. The polar cases that elucidate this principle are easy: where the petition was not accepted for filing, e.g., *Stewart v. Martinez–Villareal*, 523 U.S. 637, 643–45, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998); *O'Connor v. United States*, 133 F.3d 548 (7th Cir.1998); *Benton v. Washington*, 106 F.3d 162 (7th Cir. 1996); *In re Moore*, 196 F.3d 252, 255 (D.C.Cir. 1999), and where the petition was rejected on the merits. E.g., *In re Page*, 179 F.3d 1024, 1025 (7th Cir.1999); *Bennett v. United States*, 119 F.3d 470 (7th Cir.1997); *Pratt v. United States*, 129 F.3d 54, 60 (1st Cir.1997). Nesting within these extremes is a further division between cases in which the petitioner withdraws his petition before he has any reason to think it is going to be denied (maybe he realizes that because of lack of legal assistance he cannot articulate his legal claim) and cases in which he withdraws it when it becomes clear to him that it is indeed about to be denied. The first type of case is illustrated by *Garrett v. United States*, 178 F.3d 940 (7th Cir.1999) (per curiam), and *Haro–Arteaga v. United States*, 199 F.3d 1195 (10th Cir.1999) (per curiam), and the second by *Felder v. McVicar*, 113 F.3d 696 (7th Cir.1997). We must decide which of the two types the present case is closer to.

Potts's first section 2255 motion was met by a brief in opposition arguing in detail that the motion lacked merit. Potts and his lawyer, after conferring about the merits, decided to withdraw the motion; a motion to dismiss was made and granted. We do not see how Potts's 2255 motion could be thought an abortive filing, akin to *Garrett*, the case in which the movant

withdrew his motion because he realized that, lacking as he did legal assistance, his motion failed to present his case. Potts was assisted by counsel, filed a competent motion, and then appears to have realized (though unlike Felder he did not acknowledge) that in light of the government's brief in opposition, the motion was doomed. In these circumstances, it would be unrealistic to treat the dismissal as tantamount to a refusal to accept a filing because of formal deficiencies. He had his opportunity to receive a decision on the merits; he flinched, seeing the handwriting on the wall.

The district court, while noting that Potts had filed a previous 2255 motion, dismissed his present motion as untimely. The court should not have entertained the motion at all, because Potts had failed to demonstrate compliance with the conditions on the filing of a second or successive such motion. The motion was properly dismissed, but for the wrong reason.

AFFIRMED.