**UNITED STATES of America, ex rel. Christopher RICKARD, Petitioner,**

v.

**Thomas P. ROTH; and Odie Washington, Respondents.**

**No. 99 C 4457.**

United States District Court, N.D. Illinois, Eastern Division.

July 31, 2000.

Christopher Rickard, Dixon, IL, pro se.

Stephanie L. Matthews, Rachel Dana Borak, Hopkins & Sutter, P.C., Chicago, IL, for Christopher Rickard, United States of America ex rel., petitioners.

Colleen M. Griffin, Illinois Attorney General's Office, Chicago, IL, for Thomas P Roth, respondent.

## OPINION AND ORDER

NORGLE, District Judge.

Before the court is Christopher Rickard's ("Rickard") petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. For the following reasons, the court finds that it lacks subject matter jurisdiction over the petition, and dismisses it pursuant to 28 U.S.C. § 2244(b)(3)(A).

### I. BACKGROUND

This case involves the application of The Convention on the Transfer of Sentenced Persons ("Convention"), which became effective in the United States on July 1, 1985. See 35 U.S.T. 2867, 2868–89. Rickard is a British citizen, currently incarcerated in Illinois, seeking to serve the remainder of his sentence in the United Kingdom. In his current habeas petition, Rickard claims that Illinois is violating his rights under the Convention by refusing to take steps to allow his transfer to the United Kingdom. The court says "current habeas petition" because this is not Rickard's first petition for federal habeas relief.

Rickard was convicted in Illinois state court for the 1978 murder of a co-worker. After multiple appeals in the Illinois courts, Rickard's sentence was set at 40–80 years under the law in effect at the time of

his crime. In 1982, Rickard brought his first petition for federal habeas relief. *See United States ex rel. Christopher Rickard v. Haws,* No. 87 C 2238, 1988 WL 33835 at *3 (N.D.Ill. April 7, 1988).[1] The district court rejected the 1982 petition on its merits, but the Seventh Circuit reversed because Rickard failed to exhaust his state remedies. *See id.* After remand and dismissal from the district court, Rickard exhausted his claims in the Illinois courts. *See id.* at *4.

Rickard re-submitted his habeas petition to the district court in 1987, alleging that: (1) his fourth amendment rights were violated by a warrantless search of his residence; (2) he received ineffective assistance of appellate counsel; and (3) he was deprived of due process of law when the Illinois Appellate Court assessed $50.00 as costs for a post-conviction petition. *See id.* at *1. The district court analyzed and rejected these claims on their merits. *See id.* at *4–7.

Turning to the events that give rise to the current habeas petition, in June 1996 Rickard began efforts to take advantage of the Convention and obtain a transfer to the United Kingdom. The Illinois Department of Corrections did not object to Rickard's transfer, and forwarded Rickard's material to the United States Justice Department for its review. The Justice Department also gave its preliminary consent to transferring Rickard, and forwarded all necessary material to the appropriate United Kingdom officials.

The United Kingdom, however, refused to consent to the transfer because Rickard's indeterminate 40–80 year sentence requires the imposition of a life sentence under United Kingdom law. The United Kingdom would consider that to be an aggravation of Rickard's sentence, which is not permissible under the Convention. *See* Convention, Art. 10(2), 35 U.S.T. 2867,

2876. The United Kingdom suggested that Rickard have his sentence converted to a determinate sentence, and indicated that it would reconsider the transfer request if that were to occur.

Thereafter, Rickard began his attempts to convert his sentence. In November 1997, Rickard filed a grievance with the Illinois Department of Corrections and submitted a letter to then Governor Edgar, asking that his sentence be converted to a 40 year determinate sentence. (*See* Am. Pet. Ex. 11, pg. 2.) Although Governor Edgar did not respond to Rickard's request, the Illinois Department of Corrections informed Rickard that it did not have the authority to change Rickard's sentence without a court order.

In January 1998, Rickard filed a petition for writ of mandamus in the Illinois Supreme Court, asking the Court to order the Illinois Department of Corrections to take steps necessary to ensure Illinois' participation in the Convention. As part of this petition, Rickard argued that his sentence should be converted to a 40 year sentence, which equates to 20 years with credit for good time, which Rickard had already served. (*See* Am. Pet. Ex. 21, pp. 1, 6, 7.) The Illinois Supreme Court denied the petition without opinion. (*See* Am. Pet. Ex. 23.)

On October 28, 1998, Rickard filed a petition for relief from judgment in the Circuit Court of Cook County, Criminal Division, asking the court to re-sentence him to a determinate sentence under 730 ILCS 5/5-8-1. In a one page order, the court denied the petition as untimely, frivolous, and without merit. (*See* Am. Pet. Ex. 25.) Rickard sought leave to appeal the decision, which the Illinois Appellate Court denied without prejudice, due to an incomplete record. (*See* Am. Pet. Ex. 27.) Rickard then sought leave to appeal to the

---

1. The court takes the history of Rickard's federal habeas petitions from Judge Nordberg's opinion denying habeas relief in Rickard's 1987 petition, which gives a detailed background of Rickard's crime, and the procedural history of his case. *See Rickard,* 1988 WL 33835 at *1–4.

Illinois Supreme Court, which denied his request.

On June 30, 1999, Rickard filed the instant petition in this court. The court appointed counsel for Rickard, who filed an amended petition for habeas corpus. Respondent answered the amended petition, and Rickard's counsel filed a reply brief.

During the court's review of Rickard's current petition, the court discovered Rickard's earlier habeas petitions.[2] Because a district court does not have jurisdiction to hear a second or successive habeas petition unless the court of appeals has given approval for the filing, *see* 28 U.S.C. § 2244(b)(3)(A), the court ordered the parties to submit simultaneous briefs on the issue of the court's jurisdiction. (*See* Order of June 7, 2000.)

This case is unusual because the parties agree among themselves that Rickard's latest petition is not a second or successive petition within the scope of § 2244(b)(3)(A). Respondent's brief analyzes case law on the issue, and submits that the decision from which Rickard is seeking habeas relief is not his conviction, but Illinois' decision not to convert his sentence from an indeterminate one to a determinate one. Not surprisingly, Rickard agrees with Respondent's position, and simply adopts Respondent's analysis. As outlined below, the court rejects the parties' position, and finds that the instant petition is indeed a second or successive petition that Rickard must first present to the court of appeals.

## II. DISCUSSION

■ A writ of habeas corpus is the only method for a state prisoner to contest in federal court the fact or duration of his custody. *See Moran v. Sondalle*, 218 F.3d 647, 650–651 (7th Cir.2000). State prisoners, however, are entitled to only *one* unencumbered opportunity for federal habeas relief. *See Potts v. United States*, 210

F.3d 770, 770 (7th Cir.2000) (emphasis added). To that end, "28 U.S.C. § 2244(b)(3) creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin*, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Importantly for this case, "§ 2244(b)(3)(A) 'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page*, 170 F.3d 659, 661 (7th Cir.1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir.1996)), *opinion supplemented on denial of rehearing en banc*, 179 F.3d 1024 (7th Cir.1999). "'A district court *must* dismiss a second or successive petition ... unless the court of appeals has given approval for the filing.'" *Id.* (emphasis added in *In re Page* ).

It is often difficult to determine whether a petition is a second or successive petition within the scope of § 2244(b)(3)(A). *See Potts*, 210 F.3d at 770 (contrasting cases that are second or successive petitions with those that are not); *Johnson v. United States*, 196 F.3d 802, 804 (7th Cir.1999) (stating that "[i]dentifying 'second or successive' motions is easy only in the paradigm case—the prisoner files a motion, loses on the merits ... and then files another motion."); *see also Pratt v. United States*, 129 F.3d 54, 60–62 (1st Cir.1997) (analyzing the meaning of "second or successive"). This identification problem arises in a number of contexts, such as when the prisoner has not exhausted the remedies available in state court, *see Slack v. McDaniel,* —— U.S. ——, ————–——, 120 S.Ct. 1595, 1605–07, 146 L.Ed.2d 542 (2000); or the prisoner withdraws a petition before the court has a chance to rule on the merits, *see Potts*, 210 F.3d at 770; or the prisoner is successful on his first habeas petition, is re-sentenced, and attacks the latter judgment, *see In re Taylor*, 171 F.3d 185, 186 (4th Cir.1999).

■ Rickard's own habeas history illustrates a typical problem. Rickard's

---

2. Neither party brought Rickard's previous habeas petitions to the attention of the court.

1982 habeas petition was denied on its merits, but the Seventh Circuit reversed because Rickard failed to exhaust his state remedies. *See Rickard*, 1988 WL 33835 at *3. In 1987, after exhaustion in the state courts, Rickard re-submitted his petition, which the district court denied on the merits. *See id.* at *3–4. The 1987 petition was not a second or successive petition because dismissal for failure to exhaust does not render later petitions successive. *See Slack*, —— U.S. at ——–——, 120 S.Ct. at 1605–07.

Now, the parties maintain that Rickard is not attacking his conviction and sentence, but the decision not to convert his sentence from an indeterminate one to a determinate one. The primary case the parties rely on for support is *In re Cain*, 137 F.3d 234 (5th Cir.1998). The court finds *Cain* distinguishable, and the parties' position unpersuasive.

■ Cain challenged two prison disciplinary convictions that resulted in a loss of good conduct time. *See id.* at 235. These two disciplinary convictions became final after Cain filed earlier habeas petitions, and were not included in the earlier petitions. *See id.* The Fifth Circuit held that a challenge to post-conviction and post-sentence prison administrative actions is not an attack on a conviction or sentence that triggers the gate keeping function of § 2244(b)(3)(A). *See id.* at 235 & 236. *Cain* is consistent with the law in the Seventh Circuit, and elsewhere, that a habeas petition attacking a new judgment is not a second or successive petition under § 2244(b)(3)(A). *See Johnson*, 196 F.3d at 804 (stating that the habeas count starts fresh with each new judgment) (citing *Walker v. Roth*, 133 F.3d 454 (7th Cir. 1997)); *In re Taylor*, 171 F.3d at 187–88 (holding that a new habeas petition based on issues arising from re-sentencing is not a second or successive petition); *Pratt*, 129 F.3d at 60 (stating that a habeas petition is not second or successive if it attacks a different criminal judgment than the earlier habeas petition).

In contrast to Cain's attack on previously unchallenged prison administrative actions, Rickard is attacking the same conviction and sentence that was the subject of his 1987 habeas petition. Nine years after the district court rejected his 1987 petition, Rickard asked both the executive and judicial branches of Illinois government to change his *original sentence* from an indeterminate one of 40–80 years to a determinate sentence of 40 years. (*See* Am. Pet. Ex. 11, pg. 2 & Ex. 21, pp. 1, 6, 7.) After Illinois denied the request, Rickard brought this habeas petition, asking the court to order the Circuit Court of Cook County to convert Rickard's sentence. (*See* Am. Pet., pp. 1, 12.) It is difficult to imagine this petition as anything other than an attack on Rickard's original sentence, which has already been the subject of federal habeas review. In short, Illinois' denial of Rickard's request to change his sentence is not a new judgment that re-starts the habeas count. *Compare Johnson*, 196 F.3d at 804 with *Cain*, 137 F.3d at 235–36.

To illustrate the point, imagine that a state prisoner brings a first habeas petition, which is denied on its merits. The prisoner then asks the state to commute his sentence and release him. After the state refuses to do so, the prisoner brings another habeas petition, asking the court to order the state to commute his sentence. The later petition is a second or successive petition that needs approval from the court of appeals under § 2244(b)(3)(A). *See Johnson*, 196 F.3d at 804 (describing the paradigm second or successive petition). Rickard's case is no different.

Rickard makes much of the fact that he is merely seeking the benefits of the Convention, and is not questioning the validity of his sentence. The court finds this argument unavailing. A prisoner is entitled to only one round of habeas review on the merits of his claims. *See Potts*, 210 F.3d at 770 (stating that "[t]he essential point is that a prisoner is entitled to one unencum-

bered opportunity to receive a decision on the merits."). Rickard received his one unencumbered round of habeas review in 1987. The fact that Rickard thought of a new reason for habeas relief in 1999 does not change the analysis.

Some courts and commentators have suggested that the district court should transfer a second or successive habeas petition to the court of appeals rather than dismiss the petition. *See In re Page* 179 F.3d at 1028 (supplemental opinion on denial of rehearing en banc, Wood, J. dissenting) (citing *Mancuso v. Herbert*, 166 F.3d 97, 99 (2d Cir.1999)); *see also* James S. Liebman, Randy Hertz *Federal Habeas Corpus Practice and Procedure*, § 28.3d at 1191 & n. 109 (3d ed.1998). However, the Seventh Circuit's directive is clear; because § 2243(b)(3)(A) vests subject matter jurisdiction in the court of appeals, the district court must dismiss any second or successive petition. *See In re Page*, 170 F.3d at 661 (internal citations and subsequent history omitted). Rickard's current petition is a second or successive petition. Therefore, the court dismisses it for lack of subject matter jurisdiction. *See id.*

### III. CONCLUSION

For the foregoing reasons, the court dismisses Rickard's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2244(b)(3)(A).

IT IS SO ORDERED.