FILED
United States Court of Appeals
Tenth Circuit

October 16, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NORMAN CHARLES REJDA,

    Defendant - Appellant.

No. 19-8015
(D.C. Nos. 2:18-CV-00191-ABJ &
1:09-CR-00218-ABJ-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

The district court construed Norman Rejda's motion filed under 28 U.S.C.

§ 2255 as second or successive and unauthorized. The court therefore dismissed the

motion for lack of jurisdiction. Rejda appeals, proceeding pro se. The question

presented is whether a previous § 2255 motion filed by Rejda, which he voluntarily

dismissed, counts as a "first" such motion, making his second-in-time § 2255 motion

second or successive and therefore subject to the authorization requirements in

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 2255(h). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment.

## I. Background

Rejda pleaded guilty to federal drug charges in 2010. His 262-month prison sentence was enhanced by application of the career offender guideline because he had two prior convictions for crimes of violence. Rejda did not file a direct appeal. The district court subsequently reduced his sentence to 188 months' imprisonment.

### A. Section 2255 Motion Filed in 2016

Rejda filed a counseled § 2255 motion in 2016 (2016 Motion), arguing that he was entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* voided, in part, the definition of a qualifying "violent felony" used for a sentence enhancement under the Armed Career Criminal Act. *Id.* at 2563. The Court held that a "residual clause" in the definition—covering crimes "involv[ing] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)—violated the constitutional prohibition against vague criminal laws, and that an increased sentence based on that clause violates a defendant's right to due process. *Johnson*, 135 S. Ct. at 2557, 2563. The Court made *Johnson*'s holding retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Rejda asserted in his 2016 Motion that the ruling in *Johnson* applied to his sentence because it was enhanced under an identically worded residual clause in the career offender guideline, which, he contended, was likewise unconstitutionally

2

vague.  After briefing was complete, the district court stayed proceedings on Rejda's 2016 Motion pending the Supreme Court's decision in a case that also challenged the validity of the residual clause in the career offender guideline.  The district court stated that the Supreme Court's decision "will likely be determinative of [Rejda's] pending § 2255 motion."  Order Staying Further Proceedings Pending the Supreme Court's Ruling in *Beckles v. United States* at 6, No. 2:16-cv-00094-ABJ (D. Wyo. Jan. 27, 2017), ECF No. 10.  The Court ultimately ruled against Rejda's position in *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), concluding that the sentencing guidelines "are not subject to a vagueness challenge under the Due Process Clause" because "they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range."

Following the decision in *Beckles*, the district court directed the parties to submit status reports on Rejda's 2016 Motion.  The court's order stated:

> To avoid the unnecessary waste of resources, given the holding in *Beckles* and the grounds upon which the petition in this case is based, the Court will require that both Petitioner and Respondent file with this Court a brief status report indicating their position on the validity of the § 2255 petition in light of the holding in *Beckles*.

Order Requiring Filing of Status Report at 1-2, No. 2:16-cv-00094-ABJ (D. Wyo. Mar. 9, 2017), ECF No. 11.

The government filed a combined status report and motion to dismiss, arguing that, in light of *Beckles*, Rejda's 2016 Motion was untimely.  Rejda did not submit a status report or respond to the government's motion to dismiss.  He instead filed a motion under Federal Rule of Civil Procedure 41 seeking to voluntarily dismiss his

3

2016 Motion, stating that he "no longer seeks relief through § 2255." Motion for Voluntary Dismissal at 1, No. 2:16-cv-00094-ABJ (D. Wyo. Mar. 20, 2017), ECF No. 13. The district court granted Rejda's motion for voluntary dismissal "for good cause shown," noting his "representation that he no longer seeks relief through § 2255." Order Granting Voluntary Dismissal of 28 U.S.C. § 2255 Motion at 1, No. 2:16-cv-00094-ABJ (D. Wyo. Apr. 13, 2017), ECF No. 14. The dismissal order did not specify that the dismissal was with prejudice. The court denied all other pending motions, including the government's motion to dismiss, as moot.

**B.     Section 2255 Motion Filed in 2018**

Rejda filed a pro se § 2255 motion in 2018 (2018 Motion), in which he alleged ineffective assistance of counsel and asserted another claim challenging his sentence. The government responded that the district court lacked jurisdiction to consider Rejda's second-in-time § 2255 motion because it was second or successive and unauthorized.

The district court agreed. Following the reasoning in published and unpublished cases from other circuits, it held that Rejda's 2016 Motion counted as a first § 2255 motion. In reaching this conclusion, the court considered the circumstances surrounding the dismissal of Rejda's previous motion, including his representation by counsel in that case. It reasoned that, by moving to voluntarily dismiss his 2016 Motion, Rejda "appear[ed] to have realized (though he did not explicitly acknowledge) the motion was doomed considering the Supreme Court's

4

holding in *Beckles* and [the district court's] language in its order requesting a status update." R., Vol. 1 at 71.

The district court therefore dismissed Rejda's 2018 Motion for lack of jurisdiction because it was second or successive and he had not obtained this court's authorization to file it. It granted Rejda a certificate of appealability on the question "whether [his] first-in-time § 2255 motion counts for purposes of [the authorization requirements in 28 U.S.C.] § 2255(h)." R., Vol. 1 at 73-74.

## II.     Discussion

We review de novo the district court's dismissal of Rejda's 2018 Motion for lack of jurisdiction and any underlying findings of fact for clear error. *See United States v. Bong*, 913 F.3d 1252, 1260 (10th Cir. 2019).

### A.     The Parties' Positions on Appeal

Rejda argues that his 2016 Motion does not count as a "first" § 2255 motion because the district court did not decide it on the merits. He acknowledges that some courts have held, based on the particular facts of a case, that a voluntarily dismissed § 2255 motion counts as a first such motion. But he argues that the facts in this case do not support the district court's holding.

In particular, Rejda argues that he never explicitly conceded that his 2016 Motion lacked merit, nor did he or his counsel otherwise clearly indicate a belief that the motion was meritless. Rather, he moved to voluntarily dismiss his 2016 Motion under Rule 41(a)(2), which permits the district court to dismiss an action without prejudice even after the filing of an answer. Rejda asserts that his

5

counsel advised that the motion to voluntarily dismiss his 2016 Motion was an effort to avoid the very prejudice he has now suffered: dismissal of his second-in-time § 2255 motion as second or successive and unauthorized. He contends further that the dismissal of his 2016 Motion was *without* prejudice because the district court's dismissal order did not stipulate that the dismissal was *with* prejudice. *See* Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). Rejda maintains that the facts in this case present an issue of first impression in this circuit and that none of the decisions relied on by the district court in dismissing his 2018 Motion are binding on this court.

The government acknowledges that, in some circumstances, a first-in-time § 2255 motion that is voluntarily dismissed does not count as a "first" motion, such that a later motion is not second or successive. But it contends that, when a voluntary dismissal occurs at a point in the proceedings when it has become clear that a § 2255 motion is "doomed"—that is, when "the handwriting is on the wall"—treating the dismissal as one without prejudice and not counting the filing as a "first" § 2255 motion "would effectively thwart the limitations on the filing of second or successive motions" under § 2255(h). Aplee. Br. at 14 (internal quotation marks omitted).

The government argues that the circumstances surrounding Rejda's motion to voluntarily dismiss his 2016 Motion support the district court's holding that it counts as a first § 2255 motion. It contends there is no question that the Supreme Court's decision in *Beckles* rendered Rejda's *Johnson*-based challenge to his career offender

6

sentence meritless. And it asserts that the 2016 Motion was contentiously litigated for nearly a year until Rejda promptly abandoned it when its outcome was inevitable in light of *Beckles*. Thus, despite his failure to reference that decision as the basis for his Rule 41 motion to voluntarily dismiss his 2016 Motion, the sequence of events demonstrates that *Beckles* was the sole predicate for that motion. The government further contends that, but for Rejda's voluntary dismissal motion, the district court would have granted the government's motion to dismiss, resulting in an adjudication on the merits of his 2016 Motion.

## B.     Relevant Case Law

"The phrase 'second or successive . . .' is a term of art given substance in [the Supreme Court's] prior habeas corpus cases." *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). And not every first-in-time § 2255 motion challenging a conviction counts as a "first" such motion, making a later motion that concerns the same conviction second or successive. In *Haro-Arteaga v. United States*, 199 F.3d 1195, 1196 (10th Cir. 1999) (per curiam), we provided examples of the types of cases where a prisoner's initial filing does not count as a "first" motion, including a motion used solely to reinstate a prisoner's right to a direct appeal, a motion dismissed without prejudice because the prisoner's direct appeal was still pending, and a motion dismissed for failure to pay the filing fee. We then considered whether a prisoner's § 2255 motion that was voluntarily withdrawn counted as a first such motion. On the facts presented in *Haro-Arteaga*, we held it did not count "because none of the earlier

7

motions filed by [the prisoner] conceded any claim or were decided on the merits or after the district court engaged in substantive review." *Id.* at 1197.

Based solely on the factors identified in *Haro-Arteaga*, Rejda's 2016 Motion would not count as a first § 2255 motion. As Rejda emphasizes, he never expressly conceded that his 2016 Motion lacked merit. *Compare id.* (noting none of the previous motions conceded any claim), *with Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) (counting a prisoner's previous habeas application as a first application where his motion to withdraw it included "an admission of defeat"). And although the government argues that Rejda's 2016 Motion would have been dismissed following *Beckles* but for the district court's grant of his voluntary dismissal motion, the 2016 Motion was ultimately not adjudicated on the merits. *See Haro-Arteaga*, 199 F.3d at 1197. Further, although the 2016 Motion was litigated through full briefing, the district court did not engage in substantive review. *See id.*

But this court has not yet decided whether a § 2255 motion that was voluntarily dismissed under Rule 41—ostensibly without prejudice but under circumstances like those presented here—counts as a first § 2255 motion.[1] The

---

[1] We have held, under similar circumstances, that a district court did not abuse its discretion in *denying* a prisoner's motion to withdraw without prejudice his habeas application filed under 28 U.S.C. § 2254. *See Hurd v. Mondragon*, 851 F.2d 324, 329 (10th Cir. 1988). We reasoned,

> Although the request to withdraw the petition came before there was final disposition of the petition by the district court, it came after the magistrate had filed his [proposed findings and recommended disposition]. Hence, although the final resolution of the matter was not set in concrete at the time the motion to withdraw was filed, there was nonetheless some rather

8

closest decision from another circuit is *Potts v. United States*, 210 F.3d 770, 770 (7th Cir. 2000), in which the prisoner's § 2255 motion "was met by a brief in opposition arguing in detail that the motion lacked merit." After the prisoner and his counsel conferred about the merits, they moved to withdraw the motion, and that motion was granted. *Id.* The district court subsequently dismissed the prisoner's second § 2255 motion. *Id.* at 771. On appeal, the court noted the prisoner

> was assisted by counsel [in his first motion], filed a competent motion, and then appears to have realized (though unlike [the prisoner in *Felder*] he did not acknowledge) that in light of the government's brief in opposition, the motion was doomed. In these circumstances, it would be unrealistic to treat the dismissal as tantamount to a refusal to accept a filing because of formal deficiencies. He had his opportunity to receive a decision on the merits; he flinched, seeing the handwriting on the wall.

*Id.*

Another circuit has similarly held that "the reasons for which a petitioner withdraws a § 2255 petition should govern the analysis of whether that petition counts for successive purposes, at least where the reasons for withdrawal are reasonably discernable." *Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004) (per curiam). That court concluded, "This approach does not require difficult inquiries into the subjective intent of the petitioner. It simply requires a determination of whether the circumstances surrounding withdrawal clearly and

---

clear handwriting on the wall in the form of the magistrate's report. Under such circumstances, the district court did not abuse its discretion in denying the motion to withdraw [the] petition.

*Id.* Here, by contrast, the district court *granted* Rejda's motion to voluntarily dismiss his first § 2255 motion.

objectively indicate that the petitioner knows his or her motion is meritless." *Id.* (citing *Potts* with approval).

Applying this standard, the court concluded that the circumstances in *Thai* did not clearly indicate that the prisoner withdrew his § 2255 motion because it was meritless. *Id.* at 496. Emphasizing the prisoner's pro se status and his poor English skills, the court held that the prisoner's statements in withdrawing his § 2255 motion were instead akin to a concession that the motion "was the artless effort of a layperson without legal training." *Id.* (internal quotation marks omitted). In contrast, had the prisoner been represented by counsel, the court said it might have weighed the timing of his withdrawal (after the government had responded) against him as an indication that he knew the motion was doomed. *Id.*

**C.     Rejda's 2016 Motion Counts as a First § 2255 Motion**

We agree with our sister circuits' reasoning and approach in *Potts* and *Thai*. As applied in this case, Rejda's 2016 Motion counts as a first § 2255 motion. First, unlike the prisoner in *Thai*, Rejda was represented by counsel. Second, the timing of his motion for voluntary dismissal clearly and objectively indicates that he had concluded his motion was doomed. That motion followed (1) the district court's decision to stay the proceedings pending the Supreme Court's decision in *Beckles*, which the court stated would likely be determinative of the 2016 Motion; (2) the decision in *Beckles*, which ruled against the position Rejda asserted in his 2016 Motion; and (3) the district court's order directing the parties to file status reports "indicating their position on the validity of the § 2255 petition in light of the holding

10

in *Beckles*," Order Requiring Filing of Status Report at 1-2, No. 2:16-cv-00094-ABJ (D. Wyo. Mar. 9, 2017), ECF No. 11.

In light of these circumstances, the fact that Rejda did not explicitly concede that his motion was meritless is not determinative. *See Potts*, 210 F.3d at 771 (holding counseled § 2255 motion, which the prisoner withdrew following the government's response, counted as a first § 2255 motion despite no concession that the motion was meritless). Indeed, Rejda does not contend that he or his counsel believed that his 2016 Motion was meritorious when he moved to dismiss it voluntarily. He instead asserts that his counsel had concluded—and advised him— that if he moved to dismiss his 2016 Motion under Rule 41 without explicitly conceding defeat, that motion would not be counted as a first § 2255 motion.

Nor do we believe that the dismissal order's silence regarding whether the dismissal was with or without prejudice changes the outcome here. According to Rule 41(a)(2), that silence means that the dismissal is deemed to be without prejudice. But the Federal Rules of Civil Procedure "may be applied" to § 2255 proceedings only "to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing § 2255 Proceedings]." Rules Governing § 2255 Proceedings, Rule 12; *cf. United States v. Nelson*, 465 F.3d 1145, 1147-49 (10th Cir. 2006) (holding that a prisoner's motion, construed as filed under Fed. R. Civ. P. 60(b) and 15, conflicted with § 2255's restrictions on filing second or successive motions). And our consideration of the entirety of the circumstances surrounding a voluntary dismissal of a § 2255 motion, in determining whether it counts as a first

11

such motion, counsels against applying this aspect of Rule 41(a)(2) to the exclusion of other relevant factors. Here, the circumstances clearly show that, following the Supreme Court's decision in *Beckles*, Rejda "flinched, seeing the handwriting on the wall." *Potts*, 210 F.3d at 771.

Consequently, the district court did not err in holding that Rejda's 2016 Motion counts as a first § 2255 motion. It therefore properly dismissed his 2018 Motion for lack of jurisdiction because it was second or successive and not authorized by this court.

## III.    Conclusion

The district court's judgment is affirmed. We grant Rejda's motion to proceed *in forma pauperis* on appeal and remind him of his obligation to continue making partial payments until his appellate filing fee has been paid in full.

Entered for the Court
Per Curiam
