# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3558
_____

Antoine Williams,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee*.
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: October 18, 2023
Filed: January 31, 2024
_____

Before SMITH, Chief Judge, LOKEN and COLLOTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Antoine Williams appeals from the dismissal of a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The district court[*] determined that

_____

[*]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

the filing was an unauthorized successive motion and dismissed it. Because Williams voluntarily dismissed a previous motion under § 2255 only after it became apparent that his argument was meritless, we conclude that the follow-on motion was successive. We therefore affirm the judgment.

In 2013, Williams pleaded guilty to a conspiracy to distribute heroin. The district court determined that he qualified as a career offender under the sentencing guidelines, *see* USSG § 4B1.1(a) (2012), and sentenced him to 188 months' imprisonment.

In June 2015, the Supreme Court declared that the "residual clause" of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591 (2015). The language of that clause was identical to a provision defining "crime of violence" in USSG § 4B1.2(a)(2) (2012). Therefore, in May 2016, Williams moved to vacate his sentence on the ground that the district court's career-offender determination under the guidelines was invalid after *Johnson*.

While the motion was pending, the Supreme Court held in *Beckles v. United States*, 580 U.S. 256 (2017), that the sentencing guidelines are not susceptible to vagueness challenges. Two days later, the district court ordered Williams to show cause why his motion should not be dismissed in light of *Beckles*. Williams, through counsel, voluntarily dismissed his motion under Federal Rule of Civil Procedure 41(a)(1)(A)(i). The record suggests no reason for the voluntary dismissal other than the decision in *Beckles*.

In June 2022, Williams moved again to vacate his sentence. This time, he relied on the intervening decision in *Borden v. United States*, 593 U.S. 420 (2021). *Borden* held that an offense committed with a *mens rea* of ordinary recklessness does not have as an element the use of force against another, and thus does not qualify as a violent felony under the so-called "force clause" of the ACCA. *Id.* at 429.

-2-

Williams suggested that the rationale of *Borden* also applies to the definition of "crime of violence" under the sentencing guidelines. His motion maintained that he should not have been classified as a career offender because some of his prior offenses could have been committed recklessly.

The district court dismissed the motion as an unauthorized second or successive motion under § 2255. We review the court's conclusion *de novo*. *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), federal prisoners may not file a "second or successive" motion to vacate sentence under § 2255 without first obtaining authorization from the court of appeals. 28 U.S.C. § 2255(h). Williams argues that his present motion was not second or successive because he voluntarily dismissed his first motion before the district court issued a ruling.

We conclude that Williams's present motion is second or successive. Although the district court did not rule on the first § 2255 motion, Williams withdrew the motion only after it was clear that the motion was destined for denial based on *Beckles*. In that situation, the withdrawal of the motion is akin to a dismissal on the merits, and subsequent motions should count as successive. *See Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004) (per curiam); *Potts v. United States*, 210 F.3d 770, 770 (7th Cir. 2000). Disallowing a second motion in these circumstances serves the statutory purposes of AEDPA by limiting a prisoner to one full opportunity on collateral review to receive a decision on the merits. *See* 28 U.S.C. § 2255(h); *Banister v. Davis*, 140 S. Ct. 1698, 1706 (2020); *Potts*, 210 F.3d at 770-71. We thus agree with other courts that have refused to allow unauthorized successive motions after a first motion that was withdrawn in light of *Beckles*. *United States v. Raymond*, 815 F. App'x 144, 146-47 (9th Cir. 2020); *United States v. Rejda*, 790 F. App'x 900,

905-06 (10th Cir. 2019) (per curiam); *In re Moore*, 735 F. App'x 883, 884 (6th Cir. 2018).

Williams argues that his present motion cannot be successive because the district court's dismissal of the first motion under Civil Rule 41 renders that case a nullity. *See Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996). The rules of procedure, however, apply in § 2255 proceedings only "to the extent that they are not inconsistent with any statutory provisions." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts. Applying Rule 41 in the manner suggested would frustrate § 2255(h) and AEDPA's limitations on second and successive motions.

The judgment of the district court is affirmed.

_____