**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 98-00042 & 98-00045

---

IN RE: SHANE McCLAINE CAIN

,

.

---

Motions for leave to file successive habeas corpus petitions

---

March 5, 1998

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIUM:

IT IS ORDERED that Shane McClaine Cain's petition to file successive habeas corpus petition filed under cause number 98-00042 is CONSOLIDATED with Cain's petition to file successive habeas corpus petition filed under cause number 98-00045.

Shane McClaine Cain ("Cain"), Texas state prisoner #537264, has filed two motions with this court for leave to file successive habeas corpus petitions in the district court. Under 28 U.S.C. § 2244(b), a habeas applicant seeking to file a successive petition raising a new claim must apply for leave to do so from the court of appeals.

We must initially determine whether Cain's petitions are

1

"second or successive" so as to require permission to file from this court. In cause number 98-00042, Cain states that he filed a previous, unrelated federal habeas petition on October 14, 1997, in which he challenged the good conduct time policy of the Texas Department of Criminal Justice ("TDCJ"). Cain states that he intends in the present petition to challenge a prison disciplinary conviction wherein he lost thirty days' good conduct time that became final after he had filed his habeas petition challenging the TDCJ good conduct time policy. In cause number 98-00045, Cain states that he filed a previous, unrelated federal habeas petition challenging his state-court retaliation conviction. He states that he intends, if granted permission, to file a habeas petition challenging his prison disciplinary conviction for lying to an officer, wherein he lost fifteen days' good conduct time.

Cain's motion presents an issue of first impression in this circuit: whether a challenge to disciplinary proceedings that became final subsequent to a prior habeas petition is a "second or successive" petition which requires leave to file under 28 U.S.C. § 2244(b)(3). The relevant portion of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214 (1996), which is codified at 28 U.S.C. § 2244(b), provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed unless—
> (A) the applicant shows that the claim relies on a

2

new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

This provision, by curtailing the availability of "second or successive habeas corpus application[s]," seeks to prevent state prisoners from abusing the writ of habeas corpus. See <u>Felker v. Turpin</u>, 116 S. Ct. 2333, 2340 (1996).

The AEDPA, however, does not define what constitutes a "second or successive" application. Nevertheless, a prisoner's application is not second or successive simply because it follows an earlier federal petition. Instead, section 2244 -- one of the gatekeeping provisions of the AEDPA -- was enacted primarily to preclude prisoners from repeatedly attacking the validity of their convictions and sentences.[1] Thus, a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction

---

[1] For example, section 2244(b)(2)(B) sheds considerable light on the purpose of the AEDPA. Under this provision, a prisoner may obtain federal review of a claim that newly discovered evidence shows that a "reasonable fact finder would [not] have found the applicant <u>guilty of the underlying offense</u>. 28 U.S.C. § 2244(b)(2)(B) (emphasis added). This provision thus strongly supports the conclusion that the AEDPA is designed primarily to preclude petitions brought by prisoners seeking to escape the consequences of their criminal behavior by challenging the validity, imposition, or execution of their convictions or sentences.

3

or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ. <u>Cf. Thomas v. Superintendent of the Woodbourne Correctional Facility</u>, No. 97-3578, 1997 WL 837185, at *3 (2d Cir. Nov. 21, 1997) (instructing a district court to determine whether a petition was successive by considering "whether the prior petition was dismissed with prejudice and whether the instant petition attacks the same judgment that was attacked in the prior petition"); <u>Reeves v. Little</u>, 120 F.3d 1136, 1138 (10th Cir. 1997) ("In determining what is a `second or successive' motion under the statute, the circuits which have reviewed this question use the `abuse of the writ' standard.") (citing <u>In re Gasery</u>, 116 F.3d 1051 (5th Cir. 1997)); <u>see also</u> <u>Felker</u>, 116 S. Ct. at 2340 ("The new restrictions on successive petitions constitute a modified res judicata rule."); <u>Gasery</u>, 116 F.3d at 1052 (applying the abuse of the writ standard to determine that a petition that was refiled after being dismissed for failure to exhaust state remedies was not a "second or successive" petition).

Under this understanding of the Act, Cain's current petitions are not successive. In these petitions, Cain seeks relief from two post-conviction and post-sentence administrative actions taken by his prison board, contending that he was stripped of his good-time credits without due process of law. Rather than attacking the validity of his conviction or sentence, Cain's petitions focus on the administration of his sentence. Indeed, even if his claims are

found to be meritorious and his good-time credits are restored, Cain will continue to serve his sentence as it was imposed by the trial court.[2]

Moreover, Cain's current petitions do not present claims that were or could have been raised in his earlier petitions. According to Cain, his earlier petitions, which were filed before he was stripped of his good-time credits, challenged his criminal conviction and the constitutionality of the TDCJ's good-time credits program.[3] In contrast, Cain's current applications focus on the constitutionality of the procedures used to strip him of his good-time credits. Further, given the timing of the board's decisions to strip him of these credits, Cain could not have brought his due process claims in conjunction with his earlier petitions. Accordingly, Cain's current applications are not

---

[2] This court has held that a <u>Ford</u> claim –— a claim that a prisoner is incompetent to be executed —– is not an attack on the validity of a death sentence but that a petition raising a <u>Ford</u> claim is nevertheless successive when the petitioner has previously challenged the validity of his sentence. <u>In re Davis</u>, 121 F.3d 952, 955 (5th Cir. 1997). This decision is not controlling in this case. There can be no question that a <u>Ford</u> claim is different than an effort to recover lost good-time credits, for if successful, a <u>Ford</u> claim prevents a state from executing an imposed sentence and thus allows a criminal to escape indefinitely the consequences of his atrocious actions. Thus, unlike Cain's petition, a petition containing a <u>Ford</u> claim that is filed after the petitioner has challenged the validity of his sentence in another application strongly resembles the type of petition Congress intended to preclude as successive under the AEDPA.

[3] Of course, the district court is free to consider whether Cain's characterization of his previous petitions is correct. <u>Thomas</u>, 1997 WL 837185, at *3.

5

successive on the grounds that they constitute an abuse of the writ.

Finally, the conclusion that Cain's current petitions are not successive is bolstered by the fact that a prisoner may seek redress for the loss of good-time credits only through a habeas petition.  Preiser v. Rodriquez, 411 U.S. 475 (1973).  Under a contrary holding, if a prisoner has previously filed a petition challenging his conviction or sentence, any subsequent petition challenging the administration of his sentence will necessarily be barred by 28 U.S.C. § 2244(b), notwithstanding the possibility that the events giving rise to this later application may not have occurred until after the conclusion of the earlier habeas proceeding.  By definition, a prisoner challenging the administration of his sentence will not be relying on newly discovered evidence to show that a "reasonable fact finder would [not] have found the applicant guilty of the underlying offense. § 2244(b)(2)(B).  Likewise, a petitioner like Cain will also be unable to show that his claim "relies on a new rule of constitutional law," § 2244(b)(2)(A), because the due process principles governing challenges to the procedures used to strip a prisoner of good-time credits are well-established.  See, e.g., Wolff v. McDonnell, 418 U.S. 539 (1974).  Consequently, we hold that Congress did not intend for the interpretation of the phrase "second or successive" to preclude federal district courts from providing relief for a due process violation suffered by a prisoner

6

who has previously filed a petition challenging the validity of his petition or sentence, but is nevertheless not abusing the writ.

Therefore, Cain does not need this court's permission to file his two petitions because these petitions are not successive within the meaning of 28 U.S.C. § 2244.

DENIED AS UNNECESSARY.