IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40197
Summary Calendar

_____

DARNELL JOHNSON,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:98-CV-279
--------------------
March 21, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Darnell Johnson, Texas inmate #265926, appeals the district court's dismissal as successive of his petition for a writ of habeas corpus. Johnson's motions for leave to supplement the record, an expedited ruling, an evidentiary hearing, and for appointment of counsel are DENIED.

Johnson's petition challenged a 1998 parole proceeding that resulted in the denial of his release on parole. Johnson's petition did not challenge his conviction, sentence, or parole

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

revocation, which formed the basis for his prior petitions, and his claims were not or could not have been raised in an earlier petition. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Accordingly, the petition was not successive, and Johnson did not require authorization to file the petition.

Johnson's allegations, however, do not implicate the violation of a constitutional right. *See* 28 U.S.C. § 2254(a); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)(federal habeas relief cannot be had absent allegation of deprivation of some right secured by United States Constitution or laws of United States).

Texas law does not create a liberty interest in parole, and Texas prisoners have no constitutional expectancy of release on parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana*, 65 F.3d at 31. Johnson's allegations of cruel and unusual punishment also do not establish the violation of a constitutional right. *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (prisoner must show that he was deprived of the minimal civilized measure of life's necessities or some basic human need). The disciplinary action of which Johnson complains does not implicate his freedom from restraint, nor does it implicate a protected liberty interest under the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (discipline by prison officials in response to a wide range of conduct falls within the expected perimeters of the sentence imposed by a court of law).

Accordingly, the judgment of the district court is AFFIRMED on alternate grounds. *See Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997) (this court may affirm the district court's denial of habeas relief on any grounds supported by the record), *cert. denied*, 119 S. Ct. 418 (1998).

AFFIRMED; MOTIONS DENIED.