United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 07-10045
Summary Calendar
_____

ARNOLD RAY REED,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1113
--------------------

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Arnold Ray Reed, Texas prisoner # 1205652, appeals following the dismissal of his 28 U.S.C. § 2254 application, wherein he challenged his conviction for arson. The district court dismissed the application for lack of jurisdiction and concluded that it was successive to a previous § 2254 application that Reed had filed challenging a prison disciplinary matter. The district court granted Reed a certificate of appealability (COA) on the following issue: "Whether a second § 2254 petition raising new issues which

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

could have been raised in a prior § 2254 petition, which was denied on the merits, but were not constitutes a second or successive petition which deprived the District Court of jurisdiction."

Reed argues that his § 2254 application is not successive because his first § 2254 application challenged only a prison disciplinary conviction, whereas the instant application challenged his underlying conviction and raised unrelated claims. He argues that a prisoner seeking to challenge two separate judgements must file separate habeas applications.

We review the district court's findings of fact for clear error and issues of law de novo. Moody v. Johnson, 139 F.3d 477, 480 (5th Cir. 1998). The Antiterrorism and Effective Death Penalty Act requires that a prisoner seeking to file a second or successive § 2254 application in the district court must first apply for leave to do so from this court. 28 U.S.C. § 2244(b)(3)(A). The district court lacks jurisdiction to consider a successive habeas corpus application that is filed without this court's permission. Id.; United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

A prisoner's application is not successive merely because it follows an earlier application. In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). "[A] later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Id. The sole fact that new claims raised in a later application were unexhausted when the first application was prosecuted does not excuse their omission

2

from a subsequent application.  <u>Crone v. Cockrell</u>, 324 F.3d 833, 837 (5th Cir. 2003).

At the time Reed filed his first habeas application, his claims concerning his underlying conviction were unexhausted, but the facts necessary for challenging the conviction were known to Reed.  Reed's second habeas application was therefore successive.  <u>See</u> <u>Crone</u>, 324 F.3d at 837.  The fact that Reed challenged the disciplinary matter before challenging the conviction does not negate this conclusion given our strong policy against piecemealing claims.  <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> <u>In re Jimenez</u>, 211 F. App'x 297, 298 (5th Cir. 2006).  The district court correctly dismissed the application for lack of jurisdiction.  <u>See</u> <u>Key</u>, 205 F.3d at 774.

AFFIRMED.