November 13th, 2015

CLERK OF Court of Criminal Appeals
P.O. Box 12308; Capitol Station
Austin, Texas 78711

From: John Gray
Boyd Unit - 475245
200 Spur 113
Teague, Tx 75860

Re: APPLICATION FOR A WRIT OF MANDAMUS, In re John Robert Gray
from the 230th District Court of Harris County, Texas, of postconviction
writ application number 481656-**E.**

Dear Clerk,

Enclosed please find and file 1-original APPLICATION FOR A WRIT OF MANDAMUS

(4 pages including the certificate of service to Hon. Judge Brad Hart, ex-

cluding this cover letter), and bring it to the immediate attention of one

of the latest elected judges of the Court of Criminal Appeals. Thank you.

Sincerely,

*John Robert Gray*

(applicant pro se)

cc: file

Hon. Brad Hard, District Judge

This document contains some
pages that are of poor quality
at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 1 7 2015

Abel Acosta, Clerk

# COURT OF CRIMINAL APPEALS OF TEXAS

## AUSTIN, TEXAS

IN RE                                    §

JOHN ROBERT GRAY                         §        NO._____

## APPLICATION FOR A WRIT OF MANDAMUS

### I. JURISDICTION

The Court of Criminal Appeals and each judge thereof has proper jurisdiction, power and authorization to grant and issue a writ of mandamus to a criminal district court judge in criminal law matters pursuant to Article 4.04, Section 1, Code of Criminal Procedure.

### II. FACTS

1. Under postconviction writ number 481656-E in the 230th District Court of Harris County, Texas, there are three applications: (1) original (first); (2) "Amended Application..." (second), and (3) "Second Amended Application..." filed during the year 2015 and after August 25th, 2014 and after Applicant completed the Jury sentence of trial court Cause 481656 on August 09, 2014.

2. On July 06th, 2015, Judge Brad Hart of the 230th District Court signed an order adopting the State's proposed order for filing an affidavit and ordered the General Counsel for TDCJ to file an affidavit in response to each and every five grounds raised by applicant [within **THIRTY DAYS** of the signing of the order], but the TDCJ General Counsel has failed or refused to comply with the Court's order as of the below date of 11-13-15.

3. On 9-21-2015 Applicant wrote a letter to Judge Hart

1

to voice his complaint of being denied due process and access to courts based on the claim by one of the district court clerks that Postconviction Writ Application Number 481656-E does not exist in the court's computer system or files, but the judge has thus far failed to take any corrective action to comply with Art.1107, Section 3 (c) or (d), Code of Criminal Procedure.

4. Applicant is entitled to a recommendation by the trial court to grant habeas corpus relief as a matter of clearly established state and federal law, where it was not until after August 9th, 2014, when he lawfully completed serving the Jury Sentence of Cause No. 481656 and discovered the factual and legal basis of the pending 5-Grounds which were previously unavailable on or before August 25th, 2015, when the BPP extended its jurisdiction of Cause 481656 by charging and convicting him of a new felony and sentenced him to prison to the date of 10-25-2025 without the possibility of eligibility for actual release to Mandatory Supervision from prison (the first ground).

III. ARGUMENT

For purposes of Art.1107, Sec.4(a)(c), January 28,2015, is the documented date in which the Board of Pardons & Paroles (BPP) made its final decision to revoke Applicant's release to Mandatory Supervision based on the blue-warrant of arrest on August 25th, 2014, [which was after the Jury Sentence maximum expiration date of August 9th, 2014, governed by Texas Gov't Code Section 508.143 (a)(b)]. Therefore, postconviction writ applications under No. 481656-E squarely focuses on the 'administration of the sentence of Cause 481656' by the BPP is not

2

a second or successive writ application. In re Cain, 137 F.3d 234 (5th Cir.1998). Applicant has no other adequate remedy at law under Article 11.07 to enforce Section 3(c) which appears to be a mandatory duty to be performed by the trial court and owed to Applicant. In re Wells, 252 S.W.3d 439 (Tex.App.-[14th Dist.] 2008. Without findings of fact and conclusions of law by the district court the Court of Criminal Appeals will normally ignore the unlawfull and unconstitutional restraint of Applicant by denying the application without written order.

WHEREFORE, premises considered, Applicant respectfully requests for the Court of Criminal Appeals to grant the application for a writ of mandamus with an order or instructions to the presiding judge of the district court to immediately conduct findings of fact and conclusions of law on the Grounds and memorandum of law presented by Applicant in the Second Amended postconviction writ application and any other relief the Court deems proper and just in the public interest and in the interest of justice.

November 13, 2015.

John Robert Gray

(Applicant pro se)

Boyd Unit - #475245

200 Spur 113

Teague, Texas 75860

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above [APPLICATION FOR A WRIT OF MANDAMUS] has been served to Honorable BRAD HART, District Judge, 230th District Court, 16th Floor, Houston, Texas 77002, by placing same in a sealed postage prepaid envelope and mailing same on this the 13th day of November, 2015.

John Robert Gray
(Applicant pro se)
Boyd Unit - 475245
200 Spur 113
Teague, Texas 75860

4