# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60489

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2015

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

MICHAEL GIPSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:14-CV-121
USDC No. 2:00-CR-153-1

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael Gipson, federal prisoner # 11348-042, was convicted of one count of aiding and abetting in the possession of stolen firearms, one count of aiding and abetting in the use of a firearm during and in relation to a drug-trafficking crime, and two counts of possession of a firearm by a convicted felon.  Following the denial of Gipson's initial 28 U.S.C. § 2255 motion, the district court granted his 28 U.S.C. § 2241 petition, vacated his sentence on the use-of-a-firearm count, ordered resentencing, and appointed counsel for purposes of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resentencing. The district court thereafter entered an order that vacated Gipson's sentence for the use-of-a-firearm count and reduced Gipson's remaining concurrent sentences from 125 months to 120 months.

Gipson now seeks a certificate of appealability (COA) to appeal the district court's order transferring the instant § 2255 motion to this court as an unauthorized successive § 2255 motion. Gipson argues that the § 2255 motion is not successive because it raises claims that his appointed counsel was ineffective in connection with his resentencing.

Because "a transfer order under 28 U.S.C. § 1631 is not a final order within the meaning of [28 U.S.C.] § 2253(c)(1)(B), . . . the appeal of such an order does not require a COA." *United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015), *petition for cert. filed* (July 21, 2015) (No. 15-6348). Therefore, we DENY, as unnecessary, Gipson's motion for a COA.

Moreover, we conclude that the district court erred in construing the instant § 2255 motion as successive. A habeas application is not second or successive merely because it follows an earlier application. *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.* Thus, in *United States v. Orozco-Ramirez*, 211 F.3d 862, 865, 869 (5th Cir. 2000), we concluded that Orozco-Ramirez's claims of ineffective assistance of counsel that related to his out-of-time appeal were not successive because the facts underlying those claims "accrued after his initial habeas motion was adjudicated and could not have been raised" in his earlier § 2255 motion. Similarly, Gipson's claims of ineffective assistance of counsel relate to his resentencing, and the facts underlying those claims did not accrue until after his initial § 2255 motion was adjudicated. Accordingly, we VACATE

the district court's order transferring Gipson's § 2255 motion to this court, and we REMAND the case to the district court for consideration of his § 2255 motion.  Gipson's motion for leave to proceed in forma pauperis on appeal is GRANTED.