# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50098

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBIN M. GATEWOOD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CV-3

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robin M. Gatewood, federal prisoner # 27771-180, is serving a life sentence as a result of his involvement in a drug trafficking conspiracy. He moves in this court for leave to proceed in forma pauperis (IFP) on appeal and for a certificate of appealability (COA) to appeal the district court's order transferring his 28 U.S.C. § 2255 motion to this court in order for Gatewood to obtain authorization to file a successive § 2255 motion. The district court, after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certifying that the appeal was not taken in good faith, denied Gatewood's motion for leave to proceed IFP on appeal and declined to issue a COA.

We recently addressed whether a COA is required to appeal a transfer order.  *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015), *cert. denied*, 2015 WL 5772739) (Nov. 2, 2015) (No. 15-6348).  We determined that, while a "transfer order of a habeas petition deemed successive is an appealable, collateral order," it is not a final order within the meaning of 28 U.S.C. § 2253(c)(1)(B).  *Id.*  Thus, "the appeal of such an order does not require a COA." *Fulton*, 780 F.3d at 688.  Accordingly, Gatewood's motion for COA is DENIED AS UNNECESSARY.

Next, we address Gatewood's IFP motion.  A person who desires to appeal IFP must obtain prior approval if, as in this case, the district court certifies that the appeal is not taken in good faith.  FED. R. APP. P. 24(a)(3)(A).  By moving to proceed IFP on appeal, Gatewood is challenging the district court's certification that his appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into Gatewood's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).  If we uphold the district court's certification, Gatewood must pay the filing fee or the appeal will be dismissed for want of prosecution.  *Baugh*, 117 F.3d at 202.  However, we may dismiss the appeal as frivolous when it is apparent that an appeal would be meritless.  5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

To establish that an appeal from the transfer order involves a non-frivolous issue, Gatewood must show that his motion is non-successive.  *Fulton*, 780 F.3d at 685.  A § 2255 motion is successive when it contains a claim that

No. 15-50098

was or could have been raised in an earlier application or otherwise constitutes an abuse of the writ. *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

This is Gatewood's third attempt to file a § 2255 motion.  His first § 2255 motion was filed in 2008, and the district court denied relief.  Gatewood filed a second § 2255 motion in 2014, which the district court transferred to this court for authorization.  Gatewood argues that the district court should have construed the instant § 2255 motion as a motion to amend his 2014 § 2255 motion because it is still pending.  Gatewood is mistaken.  We denied authorization in that case in December 2014 before he filed the instant motion in January 2015.

In his second argument, Gatewood contends that his third § 2255 motion is non-successive because the newly discovered evidence supporting his claims was not discovered until after the district court disposed of his 2008 motion. However, because Gatewood is challenging the same conviction in his third § 2255 motion that he challenged in his 2008 motion, the instant § 2255 motion was properly construed as successive within the meaning of 28 U.S.C. § 2244(b).  *See Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *see also Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010).

In light of the foregoing, Gatewood has not shown that an appeal of the transfer order involves "legal points arguable on their merits." *See Fulton*, 780 F.3d at 688; *Howard*, 707 F.2d at 220.  Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED AS FRIVOLOUS.  5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.