# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2020

Lyle W. Cayce
Clerk

No. 19-10561

RUSSELL JAY REGER,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-395

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Russell Jay Reger, Texas prisoner # 747783, is serving a life sentence following his 1996 conviction of first degree murder. He now moves for a certificate of appealability (COA) to appeal the dismissal in part and denial in part of his Federal Rule of Civil Procedure 60(b) motion challenging the district court's resolution of his 28 U.S.C. § 2254 application. He also moves for the certification of questions to the Texas Court of Criminal Appeals. He raises the following arguments: (1) his Rule 60(b) motion was neither a successive

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

habeas application nor an untimely pleading; (2) the visiting trial judge's qualifications rendered his state judgment of conviction void; and (3) the district court erroneously denied his motions for a stay and abeyance, the appointment of counsel, and an evidentiary hearing.

In his postjudgment motion, Reger sought to use Rule 60(b) to alter the original § 2254 judgment; therefore, a COA is required to appeal the denial of Rule 60(b) relief. 28 U.S.C. § 2253(c)(1)(A); *see Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007). To obtain a COA under § 2253(c), Reger "must make a substantial showing of the denial of a constitutional right," which includes a showing "that reasonable jurists could debate whether . . . the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks and citation omitted).

Reger's Rule 60(b) motion attacked not the integrity of the federal habeas proceedings but the substance of the district court's habeas resolution by presenting new claims for collateral relief and by presenting new evidence in support of claims already adjudicated. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). The motion was therefore the functional equivalent of a second or successive § 2254 application. *Id*. at 531-32. Consequently, the district court did not have jurisdiction to consider it without prior authorization from this court. *See* 28 U.S.C. § 2244(b)(3)(A); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Accordingly, Reger has failed to make a "substantial showing of the denial of a constitutional right," *Slack*, 529 U.S. at 483-84, and his motions for a COA and for certification of questions to the Texas Court of Criminal Appeals are DENIED. We construe Reger's motion for a COA with respect to the district

court's denial of an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and AFFIRM.